**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>**CHARLES STREET AFRICAN METHODIST EPISCOPAL CHURCH,**<br><br>Debtor | Chapter 11<br>Case No. 12-12292-FJB |

**MEMORANDUM OF DECISION AND ORDER ON**
**<u>DEBTOR'S MOTION FOR DESIGNATION OF VOTES OF ONEUNITED BANK</u>**

The chapter 11 debtor, Charles Street African Methodist Episcopal Church ("CSAME" or "the Debtor"), has moved under 11 U.S.C. § 1126(e) to designate the votes cast by secured creditor OneUnited Bank ("OneUnited") against CSAME's plan of reorganization and, by virtue of designation, to disregard the objections to confirmation of the plan that OneUnited has made under §§ 1129(a)(8) and 1129(b)(2) of the Bankruptcy Code.[1] CSAME argues that designation is warranted for two reasons:  first, that in violation of the CSAME's exclusivity rights, OneUnited prematurely filed and circulated a plan of its own and thereby solicited votes for its own plan and against CSAME's plan; and second, that OneUnited cast its votes for the ulterior purpose of obtaining immediate payment in cash of its secured claims, to shore up its own ailing liquidity and balance sheet.  OneUnited opposes designation on numerous grounds.  After an evidentiary hearing and for the reasons that follow, the Court now denies designation.

CSAME's first basis for designation—premature circulation of a plan and solicitation of votes—is not a basis on which the court may designate a claim.  Section 1126(e) of the Bankruptcy Code states:

---

[1] The motion to designate is part of "Debtor Charles Street AME's (A) Motion for (i) Designation of Votes of OneUnited Bank and (ii) Costs and Attorney's Fees and (B) Statement in Support of Plan Subordination of Claims of OneUnited Bank" [doc. #196].  The present memorandum addresses only the issue of designation.  The Court will address costs and attorney's fees separately, when it addresses the issue of subordination in conjunction with confirmation of the plan.  At this juncture, the confirmation hearing is not yet concluded.

> On request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title.

11 U.S.C. § 1126(e). An entity will qualify for designation[2] under this subsection only if either (i) it cast its vote in bad faith or (ii) its vote was solicited or procured in bad faith or in violation of the provisions of title 11, the Bankruptcy Code. CSAME's allegations regarding the premature filing of a plan and solicitation of votes fit into neither category. CSAME alleges that OneUnited solicited *other parties'* votes in bad faith and in violation of the provisions of the Bankruptcy Code; CSAME does not contend— and clearly it is not the case—that OneUnited, by its premature filing and solicitation, cast or procured *its own* vote improperly. Subsection 1126(e) does not authorize the designation of an entity on the basis that it improperly solicited or procured another's vote. It authorizes designation only of the entity whose vote was improperly cast, solicited, or procured. CSAME has adduced no authority for a broader reading of § 1126(e), and I am aware of none. In short, this first alleged cause for designation is not a basis on which the relief requested may be granted.

As its second basis for designation, CSAME alleges that OneUnited cast its votes with an ulterior, illegitimate motive: to compel CSAME and the First Episcopal District of the African Methodist Episcopal Church ("the District"), which guaranteed one of CSAME's two debts to OneUnited, to pay OneUnited's claim with a large, up-front deposit of cash instead of a promise of repayment by equal monthly payments over 30 years, which is the treatment that CSAME proposes in its current plan. This purpose is ulterior and illegitimate, CSAME argues, because OneUnited needs an immediate infusion of cash to address liquidity problems of its own. CSAME contends that it amounts to bad faith for OneUnited to permit its own need for cash to determine its votes on the current plan.

---

[2] Consistent with the cases construing § 1126(e), CSAME's motion asks for designation of votes. The statute itself, on the other hand, speaks of designation of an "entity" that has voted. At least for present purposes, they are speaking of one and the same thing, and accordingly the two locutions may be used interchangeably.

2

Case law supports the proposition that a vote for or against a plan may be deemed to have been cast in bad faith when it was cast "with an ulterior motive," meaning "with an interest other than an interest as a creditor." <u>In re DBSB North America, Inc.</u>, 634 F.3d 79, 102-03 (2d Cir. 2011) and cases cited; *SPM Mfg. Corp.*, 984 F.2d 1305, 1317 (1st Cir. 1993) (construing the good faith requirement as barring votes cast with "ulterior motives, such as coercing a higher payment from the debtor's estate, pure malice, and advancing the interests of a competing business").  But not every ulterior motive is deemed bad faith.  <u>In re DBSB North America, Inc.</u>, 634 F.3d at 102 -03.  Selfishness alone is neither an ulterior motive nor bad faith.  <u>Id.</u> at 102.  Moreover, designation under § 1126(e) must be employed sparingly, and the burden of proving bad faith is on the party seeking designation.  *Id.* at 101-02.  The "decision that someone did or did not act in good faith hinges on an essentially factual inquiry and is driven by the data of practical human experience."  *Id.* at 102 (internal quotations and citations omitted).

This is not a close case.  Stripped to its bare essentials, CSAME is arguing that it is bad faith for a creditor, a lender, to want to be paid immediately on loans that have matured, where, as here, the creditor both believes that immediate payment is possible and has a guarantor that it believes is legally obligated and has the financial wherewithal to make that happen.  This is not bad faith or an ulterior motive, just an appropriate and legitimate interest in recovering on its claims.  Nor would it be converted into bad faith by addition of the further factor on which CSAME relies:  that, by virtue of financial difficulties of its own, caused in part by CSAME's default, the creditor was *especially* needful and desirous of immediate payment and allowed its need and desire to influence or determine its vote.  Therefore, I need make no finding as to whether OneUnited allowed concerns about its own liquidity to determine its vote.  Even if CSAME were to prove its allegations in that regard, it would not establish bad faith.  A lender needs to collect on its loans to stay in business; from this it follows that there exists an intrinsic relationship between concern about each particular loan and concern about the health of

3

the lender's business.  That some loans, at certain times, cut closer to the bone than others does not lessen or obviate this relationship.  If anything, self-interest of this sort would be *more* tolerated, not less, when it affects the lender's very viability.  A lender's concern to obtain immediate payment on a loan because it needs the cash is self-interest, perhaps even "selfishness" (depending on how and whether that is distinguished from simple self-interest), but the Bankruptcy Code does not expect creditors to act self-sacrificially to avoid the stigma of bad faith.  Self-interest of this kind is not bad faith.

In any event, concern for its own liquidity, if it was a factor at all, was not the only factor in determining OneUnited's votes.  When OneUnited cast its votes, the plan proposed to pay OneUnited's secured claims by equal monthly payments over a very long term, thirty years, and to discharge the District's guarantee of the loans,[3] and OneUnited had concerns about the plan's feasibility.  OneUnited contends, and I find, that these factors were among the reasons that OneUnited voted to reject the plan, that each was a good faith basis for doing so, and that these would have carried the day even in the absence of concern about its own liquidity (if that was a factor at all).  I hold that where a creditor has good faith reasons for rejecting a plan, and in the absence of the alleged bad faith basis would for these reasons have rejected the plan anyway, the bad faith basis cannot be said to have determined the creditor's vote and therefore is not a basis for designation.  Designation is appropriate only where the bad faith made a difference.  Here, even if OneUnited voted out of concern for its liquidity and this were deemed to constitute bad faith as a matter of law, it did not make a difference and is not cause for designation.

---

[3] The plan has since been modified to replace the complete discharge of the District's guarantee with a more limited modification of its terms.  This modification has not moved OneUnited to ask for an opportunity to change its vote.

**ORDER**

The Court having concluded, for the reasons set forth above, that no cause exists for designation of the votes of OneUnited, CSAME's motion for designation of votes of OneUnited is hereby denied.

Date:  September 11, 2012   _____
Frank J. Bailey
United States Bankruptcy Judge